IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE ELIZABETH DOLINER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL, | : | |
| Commissioner of Social Security | : | NO. 19-1909 |

O P I N I O N

JACOB P. HART                                                                  DATE: April 13, 2020
UNITED STATES MAGISTRATE JUDGE

Anne Elizabeth Doliner brought this action under 42 USC §405(g) to obtain review of the decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). She has filed a Request for Review to which the Commissioner has responded. As explained below, this matter will be remanded to the agency for a new hearing before a constitutionally appointed ALJ other than the one who previously heard her case.

I.     Factual and Procedural Background

Doliner was born in August, 1962. Record at 123. She worked in the past as an attorney. Record at 136. On September 10, 2015, Doliner filed an application for benefits alleging disability as of November 3, 2014, as a result of interstitial cystitis, osteoarthritis, fibromyalgia, and depression. Record at 135.

Doliner's application for benefits was denied on December 4, 2015. Record at 63. Doliner then requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Record at 68. A hearing was held in this matter on June 28, 2017. Record at 34. On November 3, 2017, however, the ALJ issued a written decision denying benefits. Record at 18.

The Appeals Council denied Molina's request for review, permitting the ALJ's decision to stand as the final decision of the Commissioner. Record at 1. Molina then filed this action.

II.     Legal Standards

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389 (1971); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence viewed objectively as adequate to support a decision. Richardson v. Perales, supra, at 401; Kangas v. Bowen, 823 F.2d 775 (3d Cir. 1987); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (iv). At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v). At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education and work experience to see if you can make an adjustment to

> other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 CFR §404.1520 (references to other regulations omitted).

III. Discussion

In her Request for Review, Doliner argued that she was entitled to have her case remanded to the agency for a new hearing. She based this argument on <u>Lucia v. SEC</u>, -- U.S. --, 138 S. Ct. 2044, 2049-55 (2018), where the United States Supreme Court held that the ALJs at the Security and Exchange Commission, as "officers of the United States" had not been properly appointed pursuant to the Appointment Clause of the United States Constitution. Doliner argued that the appointment process at the Social Security Agency for appointing an ALJ suffered from the same flaw.

The then-acting Commissioner responded that Doliner had waived an argument for remand under <u>Lucia</u> by failing to raise it before the Agency. However, the Court of Appeals for the Third Circuit ruled definitively in a recent case that a Social Security claimant objecting in a District Court action to the unconstitutional appointment of her ALJ is entitled to relief without having exhausted the claim previously. <u>Cirko v. Commissioner of Social Security</u>, 948 F.3d 148, 153 (3d Cir. 2020).

Mindful of <u>Cirko</u>, this case will be remanded to the Social Security Agency for a new hearing before a constitutionally appointed ALJ other than the one who presided over Doliner's first hearing. 948 F.3d at 159-160. Because the decision of the first ALJ is rendered a nullity by this determination, I will not address Doliner's other claims. <u>See</u> <u>Robinson v. Saul</u>, Civ. A. No. 19-57, 2019 WL 4077643 at *1 (E.D. Pa. Aug. 28, 2019).

IV.	Conclusion

In accordance with the above discussion, I conclude that Doliner's Request for Review should be granted in part, and the matter remanded to the Agency for a new hearing before a constitutionally appointed ALL other than the one who previously heard her case.


BY THE COURT:


/s/ Jacob P. Hart

_____
JACOB P. HART
 UNITED STATES MAGISTRATE JUDGE